**UNITED STATES COURT OF APPEALS**

Filed 7/5/96

—————————————

ANESE BUNCH,                                   )
                                              )
    Plaintiff-Appellant,              )
                                              )
v.                                            )       No. 96-6059
                                              )     (D.C. No. CIV-95-811-L)
SHIRLEY S. CHATER, Commissioner of Social     )       (W.D. Okla.)
Security,                                     )
                                              )
    Defendant-Appellee.               )

—————————————

**ORDER AND JUDGMENT**[*]

—————————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

—————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Anese Bunch applied for disability benefits and supplemental security income payments under Titles II and XVI of the Social Security Act. The Social Security Administration determined Ms. Bunch was not entitled to disability benefits or supplemental income. Ms. Bunch requested a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

hearing before an Administrative Law Judge ("ALJ"). After a hearing, the ALJ issued a decision in which he determined Ms. Bunch was not entitled to disability benefits or supplemental income. Ms. Bunch requested a review of the administrative decision by the Appeals Council of the Social Security Administration. The Appeals Council denied her request for review, at which point the decision of the ALJ became the final decision of the Commissioner of Social Security (the "Commissioner"). Ms. Bunch then filed a complaint against the Commissioner in the district court, seeking reversal of the Commissioner's decision. The district court referred the case to a magistrate judge. The magistrate recommended that the district court affirm the Commissioner's decision. The district court issued an order adopting the magistrate's recommendations and entered judgment against Ms. Bunch. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. *See* 42 U.S.C. § 405(g). We affirm.

Ms. Bunch was fifty-one years old at the time of her administrative hearing. She graduated from college with a degree in sociology. She has worked as a high school teacher, a college teacher, a clerical worker, a correctional department case manager, an undercover agent, a police officer, and an administrator. Ms. Bunch stopped working sometime in 1987. She contends she is disabled within the meaning of the Social Security Act because of high blood pressure, dizziness, severe headaches, trouble sleeping, chronic back pain, swelling in the feet and legs, and mental impairments.

At her administrative hearing, Ms. Bunch testified she is able to cook for herself and her grandson, drive her car, pay bills, go to the post office, shop at the grocery store, wash and dry

dishes, play the piano at church, and read books extensively. She can walk about one block before needing to sit down. She can both sit down and stand for two to three hours at a time. Ms. Bunch can lift ten pounds and carries groceries from the store out to her car.

The Commissioner evaluates claims for disability benefits and supplemental income payments according to the five-step sequential evaluation process set out in 20 C.F.R. §§ 404.1520 and 416.920. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). In Ms. Bunch's case, the ALJ determined she satisfies steps one and two of the sequential evaluation because she is not working and has severe impairments. At step three of the evaluation, however, the ALJ found Ms. Bunch "does not have an impairment or combination of impairments listed in, or medically equal to one listed in [20 C.F.R. Pt. 404, Subpt. P, App. 1]." *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). Proceeding to step four, the ALJ concluded Ms. Bunch is not under a disability as defined in the Social Security Act because she has the residual functional capacity to perform her past relevant work.

Ms. Bunch contends her impairments meet a listed impairment in step three of the sequential evaluation. More specifically, she asserts that her mental impairments, when combined with the effects of her physical impairments, meet a listed mental disorder under sections 12.04 (affective disorders) and/or 12.06 (anxiety related disorders) of the Listing of Impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.04 & 12.06. In the alternative, she argues she satisfies step four of the sequential evaluation because the combined effect of her mental and physical impairments leaves her without the residual functional capacity to perform her past relevant work.

3

We limit our review of the Commissioner's decision to deny benefits to two issues: whether her decision is supported by substantial evidence and whether she applied the correct legal standards. *See Cruse v. United States Dept. of Health & Human Serv.*, 49 F.3d 614, 616-17 (10th Cir. 1995).

A. *Step 3 -- Listed Impairment*

When a claimant for disability benefits or supplemental security payments presents evidence of a mental impairment, the Commissioner must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. §§ 404.1520a and 416.920a and the Listing of Impairments. *Cruse*, 49 F.3d at 617. This procedure involves two stages. Under Part A, the Commissioner determines "whether certain medical findings which have been found especially relevant to the ability to work are present or absent." 20 C.F.R. §§ 404.1520a(b)(2), 416.920a(b)(2). Under Part B, the Commissioner "rate[s] the degree of functional loss resulting from the impairment(s)." *Id.* §§ 404.1520a(b)(3), 416.920a(b)(3). The Listing of Impairments subsections applying to mental disorders provide enumerated criteria that guide the Commissioner through Parts A and B for a given disorder. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.02-12.08. To document her application of Parts A and B, the Commissioner prepares a Psychiatric Review Technique Form ("PRT Form"). The PRT Form lists the Parts A and B criteria for the relevant mental disorders and allows the Commissioner to evaluate properly the claimant's mental impairments. *See Cruse*, 49 F.3d at 617. At the ALJ hearing level, the ALJ may prepare the PRT Form with or without the assistance of a medical advisor and must append the form to his decision. 20 C.F.R. §§ 404.1520a(d), 416.920a(d).

In Part A of his psychiatric review of Ms. Bunch's case, the ALJ found the presence of factors

4

that evidence two mental disorders recognized by the Listing of Impairments: affective disorder and anxiety related disorder. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1, 12.04 & 12.06. Ms. Bunch does not challenge this aspect of the ALJ's findings--her complaint is with the Part B analysis. The Part B criteria are the same for affective disorders and anxiety related disorders under sections 12.04 and 12.06 of the Listing of Impairments. For the degree of functional loss to meet the required level of severity, the claimant's mental impairment must result in at least two of the following:

1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or

4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptons (which may include deterioration of adaptive behaviors).

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.04(B), 12.06(B). In his completion of Ms. Bunch's PRT Form, the ALJ blocked in the "None" box for items 1 and 2 and the "Never" box for items 3 and 4. Since Ms. Bunch's impairments satisfied none of the listed functional limitations, the ALJ found she did not qualify for a listed mental impairment.

Ms. Bunch contends the ALJ applied an improper legal standard in assessing the severity of her mental impairments because he did not take into account the combined effect of her mental and physical impairments. According to Ms. Bunch, since Part B is defined in terms of functional criteria, the ALJ must take into account all impairments, mental and physical, that effect her functional capacity. Even if we assume Ms. Bunch is correct, we are not persuaded the ALJ failed

in this respect. In his written decision, the ALJ thoroughly discussed Ms. Bunch's physical and mental impairments. The ALJ found Ms. Bunch "does not have an impairment *or combination of impairments* listed in, or medically equivalent to one listed in [the Listing of Impairments]." (Emphasis added.) Given his discussion of her mental and physical impairments, this language clearly indicates the ALJ considered the combined effect of Ms. Bunch's impairments when he assessed the severity of her functional limitations.

Our review of the record also confirms that the ALJ's decision was supported by substantial evidence. Dr. Keith Green, a psychologist who evaluated Ms. Bunch, determined: "Given her intelligence, her functioning and basic academic skills and her academic background, [Ms. Bunch] would appear to have ample resources for functioning in a job situation." Dr. Green described Ms. Bunch's ability to make occupational, performance, and personal-social adjustments as uniformly "Good." Dr. Harald Krueger, a psychiatrist who examined Ms. Bunch, stated:

> [S]he is cooperative, and her behavior is quite appropriate and pleasant. Her mood does not appear to be depressed, her thought processes are clear, volition is good, memory functions are intact, and she can do serial sevens. She is able to handle small multiplications. She is well oriented in all four spheres, her appetite is appropriate and there is no deficit in somatic functions.

Dr. Krueger indicated Ms. Bunch's ability to make occupational and performance adjustments was "Good" to "Very Good." He described her ability to make personal-social adjustments as "Good." Dr. Krueger concluded, "This lady is entirely able to handle her own funds and her psychiatric diagnosis is excellent." Given these medical observations and the ample evidence of Ms. Bunch's ability to function physically, we find substantial evidence supported ALJ's determination that Ms. Bunch's mental impairments did not meet the requirements of 20 C.F.R. Pt. 404, Subpt. P, App. 1,

12.04(B) and 12.06(B).

B. *Step Four -- Ability To Do Past Relevant Work*

The ALJ found Ms. Bunch had the residual functional capacity to perform her past relevant work. In partial support of this determination, the ALJ found Ms. Bunch "tends to overstate her subjective complaints including those of pain as well as the effects her impairments have on a residual functional capacity." After discussing Ms. Bunch's medical complaints, including hypertension, headaches, fatigue, shortness of breath, and various pains, the ALJ stated, "the evidence of record supports a conclusion that [Ms. Bunch] should be able to perform medium, light, and sedentary work." Noting that most of her past relevant work met this description, the ALJ determined "there is nothing in the record here which would preclude [Ms. Bunch] from engaging in much of her past relevant work and she was therefore properly denied [benefits]."

Ms. Bunch contends the ALJ erred because he failed to consider the effect of her mental impairments when assessing her ability to perform her past relevant work. As Ms. Bunch correctly notes, in evaluating a claimant's residual functional capacity, the ALJ must consider the impact of the claimant's mental impairments "in combination with the effects of other impairments." *Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991). We are not persuaded, however, that the ALJ failed to do this in Ms. Bunch's case. Though recognizing Ms. Bunch has adjustment and anxiety related disorders, the ALJ found on the basis of medical evidence that Ms. Bunch's disorders placed "no restrictions on her ability to function from a mental point of view at all." Substantial evidence supported this finding. After finding Ms. Bunch's mental impairments had no effect on her

7

functional capacity, the ALJ then considered the impact of her physical impairments.  Though the ALJ did not explicitly try to evaluate the effects of her mental impairments in combination with the effects of her physical impairments, we feel this failure was not in error.  Since the ALJ found Ms. Bunch's mental impairments had no effect on her ability to function, he had no reason combine this non-existent effect with the effects of her physical impairments.

The judgment of the district court in favor of the Commissioner is **AFFIRMED**.

**Entered for the Court:**

**WADE BRORBY**
United States Circuit Judge